PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA TAYLOR, *etc.*, | ) | |
| | ) | CASE NO. 4:11CV1889 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MOTORCARS ACQUISITION IV, LLC, | ) | |
| *etc.*, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants | ) | [Resolving ECF No. 6] |

This action is before the Court upon Defendant Toyota Motor Sales, U.S.A., Inc.'s Motion to Remand Action to State Court (ECF No. 6). The Court has reviewed the memorandum in support. For the reasons set forth below, the unopposed motion is granted.

On August 1, 2011, Plaintiff Pamela Taylor fka Pamela Kehoe, an Ohio resident, filed a complaint in the Trumbull County, Ohio Court of Common Pleas, being Case No. 2011 CV 01677. Motorcars Acquisition IV, LLC, d/b/a Toyota-Scion of Bedford ("Motorcars"), Toyota Motor Sales, U.S.A., Inc. ("TMS"), and Toyota Motor Insurance Services, Inc. were named as defendants in this action asserting causes of action arising out of Plaintiff's purchase of a 2003 Toyota Camry in September 2006 from Motorcars.

TMS removed this case to this Court on September 7, 2011, on the basis of diversity of citizenship jurisdiction. Diversity jurisdiction exists where the matter in controversy exceeds $75,000.00, and is between citizens of different states. 28 U.S.C. § 1332(a). The complete

(4:11CV1889)

diversity rule requires that every plaintiff be of diverse citizenship from every defendant. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

"TMS now believes and asserts that Motorcars' principle place of business is in Ohio." ECF No. 6 at 2. Without regard to whether Plaintiff may have stated otherwise valid claims for relief, it is clear from the within motion that there is not complete diversity of citizenship of the parties. The inclusion of Motorcars as a party defendant is a violation of the complete diversity rule since Plaintiff is a co-citizen of Motorcars. The Court therefore lacks subject matter jurisdiction over this matter. *See Caudill v. North America Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000).

Accordingly, the within matter will be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

IT IS SO ORDERED.

 November 30, 2011         /s/ Benita Y. Pearson 
Date                                          Benita Y. Pearson
                                                  United States District Judge